THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KEITH WALLJASPER, Defendant-Appellant.

Third District   No. 80-385

Opinion filed June 5, 1981.

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial in Fulton County, defendant Keith Walljasper was found guilty of reckless homicide and driving while under the influ-

ence of intoxicating liquor. On the reckless homicide verdict he was sentenced to 18 months probation, and fined $1,000 and costs. On the driving intoxication verdict, a sentence of one-year probation, 10 weekends in jail, and $500 fine was imposed. Walljasper appeals from both convictions.

Both convictions stem from an automobile accident which occurred on December 20, 1979, at approximately 9 a.m., near the home of the victim, Doris Kemper.

On the reckless homicide charge, Walljasper claims the State failed to prove him guilty beyond a reasonable doubt because: (1) the State failed to prove that he drove his car while under the influence of intoxicating liquor; (2) that even if there is adequate proof of driving while under the influence of intoxicating liquor, the State failed to prove that was the proximate cause of the accident; (3) the State failed to prove the defendant acted recklessly. We agree and reverse the decision of the circuit court as to the reckless homicide conviction.

The chain of events leading to the accident which claimed Doris Kemper's life began when a vehicle being driven by Susan Links went out of control on a slick highway, causing it to leave the road surface. The Links' car was followed by one driven by Linda Coulter who, observing this incident, stopped to render assistance. Doris Kemper, who lived nearby, came out of her home to render assistance to Susan Links who had fainted after exiting her vehicle. An ambulance arrived and Susan Links was removed from the scene. At this time Doris Kemper was standing near the rear of the Links' vehicle. Linda Coulter reentered her car and started to pull back onto the road in an easterly direction. She checked for traffic, but due to the hill was unable to see oncoming eastbound cars. She did see two trucks approaching in the westbound lane. Almost on to the highway, Coulter saw in her rearview mirror the Walljasper car swerving up the hill out of control, in the same area where Susan Links' car began its slide. As Coulter finally entered the traffic lane she heard Walljasper's car crash into the Links' vehicle. Doris Kemper was also struck and killed.

■■ ■ A person commits reckless homicide if he kills a person while driving a motor vehicle and the acts causing death are such as are likely to cause death or great bodily harm and are performed recklessly. (*People v. Mowen* (1969), 109 Ill. App. 2d 62.) One acts recklessly when he consciously disregards a substantial risk that his acts are such as are likely to cause death or great bodily harm to some individual and where such disregard constitutes a gross deviation from the standard of care which a reasonable person would have exercised in such a situation. *People v. Bonzi* (1978), 65 Ill. App. 3d 927.

■■ The jury heard three days of testimony from 21 witnesses. It is uncon-

troverted that a tragic accident occurred which claimed the life of Doris Kemper. It is not disputed that Walljasper drove the car which killed the victim. The evidence adduced at trial, however, does not show that Walljasper acted recklessly. Driving on a dry road, the Walljasper car was confronted with an unforeseen slippery patch of roadway on a hill. His car went out of control crossing the centerline into the path of two oncoming trucks. Walljasper struggling to evade a head-on collision, turned the wheel, ran off the road, his car slamming into the victim. Although this is a tragic and unfortunate scene, such does not mean that Walljasper's conduct was reckless.

Shortly before this tragedy, an episode remarkably similar occurred at the same spot on the roadway. Susan Links ascended the hill and as she approached the summit, her car began to swerve. In attempting to gain control of her vehicle, she also careened off the roadway. In fact, Susan Links had fewer obstacles to avoid than did Walljasper. No vehicles were approaching her on the highway from the opposite direction. No vehicles were in front of her on the highway. No pedestrians were on the edge of the road. No cars were parked on the shoulder. Had there been, a fatality may have resulted from the Links' accident as well. The Links' mishap set the stage, however, for the tragedy which resulted after Walljasper encountered the same icy spot on the roadway.

The State argues the testimony of Maxine Hartstirn supports a finding of reckless driving. We do not agree. Maxine Hartstirn was bumped by Walljasper at an intersection shortly before the fatal accident. Hairstirn first stopped at a stop sign in the intersection. She then drove forward about 5 feet to the stop line and stopped again. On this second stop Walljasper bumped the rear of the Hartstirn vehicle. No damage resulted; the bump was not even of sufficient force to move the Hartstirn car. This episode is hardly demonstrative of reckless driving.

Most essentially, we find proximate cause lacking between the alleged intoxication of Walljasper and the accident. The frosty roadway was unforeseen. Walljasper slid off the road because of the condition of the road. Susan Links could not avoid going into a slide, losing control of her car and running off the road. Likewise, Walljasper could not. Walljasper responded much as Susan Links did. However, Walljasper had several additional factors to contend with as he lost control of his car on the ice. The Coulter vehicle reentered the roadway immediately ahead of him. Two trucks were approaching and the Walljasper vehicle was sliding into their path. Walljasper successfully avoided that collision. Unfortunately, the collision into the parked Links' vehicle and Doris Kemper could not be avoided. We find Doris Kemper's death a tragic occurrence. However, just because a person is killed does not mean that someone is guilty or reckless.

■■ We next turn our attention to the conviction for the offense of driving while under the influence of intoxicating liquor. Walljasper argues that the trial court erred in allowing the testimony of Dr. Ernest Salomone into evidence. Following the denial of the defendant's motion in limine and over timely objection, Dr. Salomone testified about his examination of Walljasper in the hospital following the accident. He stated his opinion that Walljasper was under the influence of intoxicating liquor. The only basis of his opinion was the odor of alcohol and slow verbal responses which he agreed could have been caused by injury.

While the physician/patient privilege ordinarily protects against such disclosure, an exception exists for homicide cases. (Ill. Rev. Stat. 1979, ch. 51, par. 5.1.) Therefore, the testimony of Salomone technically could be considered for Walljasper's homicide charge, but not for the driving intoxication charge. However, where the testimony is so highly prejudicial and certain elements of the charges so similar, the court's instruction as to its limited admissibility is inadequate to cure the prejudicial effect on the driving intoxication charge. Because of the inadequacy of the limiting instruction, the testimony should not have been admitted for any purpose. Where a limiting instruction does not effectively protect the accused against the prejudicial effect of admitting evidence, prejudicial error results. With or without the doctor's testimony, however, the evidence of defendant's driving while under the influence of intoxicating liquor was insufficient to prove his guilt beyond a reasonable doubt.

■■ For the reasons stated herein, we reverse both the conviction for reckless homicide and that of driving while under the influence of intoxicating liquor.

Reversed.

ALLOY and STOUDER, JJ., concur.