THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKEY R. SAULSBURRY, Defendant-Appellant.

Second District   No. 2—87—1137

Opinion filed January 25, 1989.

Fred M. Morelli, Jr., of Law Offices of Fred M. Morelli, Jr., of Aurora, and Vincent C. Argento, of Argento & Malcolm, of Elgin, for appellant.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva, and

Georgette Nabhani, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Rickey R. Saulsburry, was found guilty following a jury trial in the circuit court of Kane County of the offenses of reckless driving (Ill. Rev. Stat. 1985, ch. 95½, par. 11—503) and felony driving while under the influence of alcohol (DUI), causing great bodily harm to another (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(2), (f)). Judgment was entered on the DUI verdict only, and defendant was sentenced to a three-year term of imprisonment.

On appeal, defendant contends that the circuit court erred in admitting the testimony of the emergency room physician who treated defendant which should have been barred under the physician-patient privilege. Defendant further contends that the results of a blood-alcohol test were inadmissible because the test was not performed in accordance with the standards formulated by the Illinois Department of Public Health and listed in section 510.110 of the Illinois Administrative Code (77 Ill. Adm. Code 510.110 (1985)).

In a pretrial motion, not contained in the record, defendant sought to exclude the testimony of Dr. Tye Stein, the emergency room physician who treated defendant after the accident, and of an attending nurse and laboratory technician who took and analyzed defendant's blood. Defendant argued that the physician-patient privilege barred this testimony. The court denied defendant's motion based on a New Jersey decision, *State of New Jersey v. Dyal* (1984), 97 N.J. 229, 478 A.2d 390. In that case, the New Jersey Supreme Court held that the physician-patient privilege could be broached in the interest of public policy when the prosecution seeks to introduce evidence of a defendant's blood-alcohol level if the arresting officer had a reasonable basis to believe that the defendant was intoxicated. *Dyal*, 97 N.J. at 241, 478 A.2d at 396.

Prior to trial, defendant also filed a motion to exclude evidence of the blood-alcohol test. Although the motion also is not in the record, the parties stipulated that the blood-alcohol test was not performed in accordance with statutory requirements. The trial court granted the motion pertaining to the DUI offense only as it related to the presumption of intoxication but denied it as to the reckless driving offense.

Evidence adduced at trial showed that at approximately 11 p.m. on July 19, 1986, the pickup truck defendant was driving hit a jeep as the jeep attempted to make a left turn after stopping at a four-way

stop sign intersection. A passenger in the jeep, Shelly McGuigan, suffered permanent, serious injuries.

Lucinda Saltzman testified that she and defendant had been drinking beer at a wedding reception prior to the accident. They left the reception in defendant's pickup truck. Saltzman further testified that defendant was intoxicated, but she thought he was okay to drive. Saltzman claimed that she did not remember the accident because she had too much to drink.

Kimberly Hook, one of the paramedics who was called to the scene of the accident, testified that she attempted to get defendant out of the truck. Defendant was not stuck in the truck, rather, he clung to the steering wheel and fought with the paramedics to stay in the truck. Hook further testified that defendant swung at several of the paramedics and struck her in the arm. When the paramedics did get defendant into the ambulance, Hook smelled alcohol on defendant's breath and noticed his slurred speech. In Hook's opinion, defendant was intoxicated and impaired at the time of the accident. She based her opinion on defendant's aberrant behavior of resisting assistance, his belligerence, his slurred speech, and the odor of alcohol on his breath.

Another paramedic, Randy Miller, testified that defendant fought with the paramedics. Miller also rendered an opinion that defendant was intoxicated at the time of the accident based on defendant's actions and slurred speech.

Gale Kendrick testified that she was the night nursing supervisor at the hospital when the paramedics brought defendant in. Kendrick testified that defendant would not cooperate with the hospital personnel and that he used foul language. In Kendrick's opinion, defendant was intoxicated.

Dr. Stein testified that he was the emergency room doctor on duty that night. When he examined defendant, Dr. Stein noted defendant's disruptive behavior and the odor of alcohol on his breath. According to Dr. Stein, defendant's injuries of concern were limited to his abdominal area. As Dr. Stein had to account for defendant's belligerent behavior, and as he did not think defendant sustained a head injury, he ordered a nurse to perform a blood-alcohol test on defendant. Dr. Stein testified that the result of the blood test was a blood-alcohol level of .29 grams per deciliter. Dr. Stein stated that this result confirmed his initial diagnosis that defendant was intoxicated. Dr. Stein further testified that the blood test was relevant to his diagnosis because a person with a blood-alcohol level under .10 would not be impaired.

Judith Stearns testified that she drew the blood from defendant for the blood-alcohol test. Stearns stated that she cleaned the site where the blood was to be drawn with a nonalcohol based solution. Then Stearns used a vacuum tube to collect the blood. Stearns labeled the vial, gave it to an orderly to take to the laboratory to be tested, and initialed the lab slip. Stearns could not remember whether she thought defendant was intoxicated. However, after reviewing the statement she gave to the State's Attorney, Stearns testified that defendant was unruly and used foul language. According to Stearns, defendant did, however, cooperate with her when she drew his blood.

Ann Marie Hermann, the medical technologist who operated the instrument which tested defendant's blood, testified to the method the hospital used to test for alcohol content in blood. Hermann explained how the machine was tested every 24 hours to ensure the accuracy of test results. Hermann testified that she followed hospital procedures when she prepared defendant's blood sample for testing and described the testing procedure. Hermann further testified that the blood sample gave a reading of .29 grams of alcohol per deciliter of blood.

Defendant did not testify, nor did he put on any evidence.

■ Defendant first contends, relying on People v. Walljasper (1981), 97 Ill. App. 3d 81, 422 N.E.2d 251, that the physician-patient privilege bars the emergency room physician, Dr. Stein, who treated defendant, from testifying as to his observations of defendant, his opinion that defendant was intoxicated, and the results of the blood-alcohol test. The statutory physician-patient privilege in existence at the time of trial contained in section 8—802 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 8—802) provided, in pertinent part, as follows:

"8—802. Physician and patient. No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve such patient, except ***." Ill. Rev. Stat. 1987, ch. 110, par. 8—802.

The State has not responded to this argument, and, instead, asserts that section 8—802 has now been amended, effective January 5, 1988, to include as an exception to the privilege, "prosecutions where written results of blood alcohol tests are admissible pursuant to Section 11—501.4 of The Illinois Vehicle Code" (Pub. Act 85—992, §2, eff. Jan. 5, 1988 (amending Ill. Rev. Stat. 1987, ch. 110, par. 8—802)), and, therefore, defendant should not be granted a new trial because the evidence would be admitted upon a retrial. A corresponding amendment to section 11—501.4 of the Illinois Vehicle Code (Pub. Act

85—992, §1, eff. Jan. 5, 1988 (amending Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.4)) provides:

"Sec. 11—501.4. Admissibility of written blood alcohol test results conducted in the regular course of providing emergency medical treatment.

(a) Notwithstanding any other provision of law, the written results of blood alcohol tests conducted upon persons receiving medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule only in prosecutions for any violation of Section 11—501 of this Code or a similar provision of a local ordinance, or in prosecutions for reckless homicide brought under the Criminal Code of 1961, when each of the following criteria are met:

(1) the blood alcohol tests were ordered by a physician on duty at the hospital emergency room and were performed in the regular course of providing emergency medical treatment in order to assist the physician in diagnosis or treatment;

(2) the blood alcohol tests were performed by the hospital's own laboratory; and

(3) the written results of the blood alcohol tests were received and considered by the physician on duty at the hospital emergency room to assist that physician in diagnosis or treatment.

(b) The confidentiality provisions of law pertaining to medical records and medical treatment shall not be applicable with regard to blood alcohol tests performed under the provisions of this Section in prosecutions as specified in subsection (a) of this Section. No person shall be liable for civil damages as a result of the evidentiary use of blood alcohol test results under this Section, or as a result of that person's testimony made available under this Section."

Notwithstanding that the pertinent statutes have now been amended and, as they affect procedure, which includes rules of evidence, would apply to litigation pending when the law takes effect (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 364, 487 N.E.2d 937), the statute can only be applied upon retrial when the amendment is in existence and not in the original trial when the amendment was not yet in existence. Thus, the statutory physician-patient privilege in existence at the time of trial bars Dr. Stein's testimony relating to his observations of defendant, his opinion of defendant's intoxication and the evidence of the blood-alcohol test. See *Walljasper*, 97 Ill. App. 3d at 84, 422 N.E.2d at 253.

■ The State argues, alternatively, that any error in the admission of Dr. Stein's testimony was harmless because of the substantial testimony of other witnesses that defendant was intoxicated. Evidentiary errors can be labeled harmless only if properly admitted evidence is so overwhelming that no fair-minded jury could reasonably have voted to acquit the defendant. (*People v. Carlson* (1982), 92 Ill. 2d 440, 449, 442 N.E.2d 504.) To measure harmless error the reviewing court will (1) focus on the error to determine whether it might have contributed to the conviction, (2) examine the other evidence in the case to see if overwhelming evidence supports the conviction, and (3) determine whether the evidence is cumulative or merely duplicates properly admitted evidence. *People v. Wilkerson* (1981), 87 Ill. 2d 151, 157, 429 N.E.2d 526; see also *People v. Gonzalez* (1984), 104 Ill. 2d 332, 338-39, 472 N.E.2d 417.

■ We agree with the State's argument that the error in admitting Dr. Stein's testimony was harmless. Two paramedics, a nurse at the hospital, and the woman riding with defendant at the time of the accident all testified that defendant was intoxicated. No evidence was offered by defendant to rebut this testimony. Dr. Stein's testimony was merely cumulative of the other witnesses' opinions, which provided overwhelming evidence to support a conviction. As no prejudice resulted to defendant from the admission of Dr. Stein's testimony, we hold that the error was harmless.

Defendant's second contention is that the trial court erred in allowing into evidence testimony of the results of the blood-alcohol test because of the stipulation that the Illinois Department of Public Health standards were not followed. Presumably, although not made clear in his brief, defendant is referring to the testimony of Judith Stearns, that she drew blood from defendant for a blood-alcohol test, and the testimony of Ann Marie Hermann, that she operated the machine that tested defendant's blood sample and that a reading of .29 grams of alcohol per deciliter of blood was obtained.

■ We agree with defendant that, as to the DUI offense, the failure of the hospital personnel to comply with Department of Public Health standards as required by section 11—501.2(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)) renders the analysis of the defendant's blood inadmissible. (*People v. Emrich* (1986), 113 Ill. 2d 343, 349-50, 498 N.E.2d 1140; *People v. Murphy* (1985), 108 Ill. 2d 228, 233-35, 483 N.E.2d 1288.) Nevertheless, for the same reasons set forth above, we find that the admission into evidence of the testimony of these two witnesses was harmless error. There was overwhelming, unrebutted evidence of defendant's intoxi-

cation, and this evidence that the blood was tested and of the blood-alcohol concentration did not prejudice defendant under the circumstances.

■ While it appears from a close reading of defendant's brief that he also argues that this testimony was inadmissible as to the reckless driving offense, the record shows that judgment on the jury verdict and sentence was not entered on that offense and, accordingly, any arguable error is moot. In any event, compliance with the standards is a prerequisite to admissibility on a DUI charge only (*Emrich*, 113 Ill. 2d at 350, 498 N.E.2d at 1143; *Murphy*, 108 Ill. 2d at 236, 483 N.E.2d at 1291), and the test to be applied on other charges is whether the blood analysis meets the ordinary test of admissibility. (*Emrich*, 113 Ill. 2d at 351, 498 N.E.2d at 1144; *Murphy*, 108 Ill. 2d at 236, 483 N.E.2d at 1291.) While defendant never objected on the ground of the validity of the testing procedure, despite some indication by the trial judge that he would consider the objection if made, we believe the record supports the reliability of the procedure even though the issue may have been waived by defendant.

■ Finally, defendant "notes" in a cursory, one-page argument in his brief that the prosecutor made improper comments in his closing arguments. Contrary to Supreme Court Rule 341(e) (113 Ill. 2d R. 341(e)), the issue was not listed in the statement of issues presented portion of the brief or mentioned in the caption of the issues in the argument portion of the brief, and is therefore waived. Further, the issue is also waived for failure to raise the issue in the written post-trial motion. *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

NASH and DUNN, JJ., concur.