THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BENNY L. DIXON, Defendant-Appellant.

Second District    No. 2—90—0803

Opinion filed September 17, 1991.

Elliot M. Samuels, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Benny L. Dixon, appeals his conviction of syndicated gambling (Ill. Rev. Stat. 1989, ch. 38, par. 28—1.1(d)). Defendant was found guilty after a stipulated bench trial and was sentenced to 30 months' probation, a fine and forfeiture of various assets. On appeal, defendant raises the issue whether venue was proper in Du Page County.

Defendant was charged by indictment with one count of syndicated gambling and one count of conspiracy to commit gambling (Ill. Rev. Stat. 1989, ch. 38, pars. 8—2(a), 28—1(a)). Defendant filed a motion to dismiss the indictment, based on the allegation that all the wagers were made in Lockport, in Will County, Illinois. According to defendant, the only act which occurred in Du Page County was the collection of money on unsuccessful wagers.

The parties stipulated to the following facts. On October 16, 1989, Agent Rick Quarrels, of the Illinois State Police, called 909-1958, a cellular telephone number, and spoke to "Mike," who accepted three wagers on horse races. The next day, Quarrels called 504-1958, again a cellular telephone number, and spoke to a person identifying himself as "Pete Dixon." Quarrels placed nine wagers on horse races. On October 18, Quarrels telephoned the 504 number again, which was answered "Lockport Currency Exchange." Quarrels spoke to Pete Dixon and placed three wagers on horse races.

On October 20, Quarrels called the 909 number to place wagers. On October 23 and November 3, Quarrels placed wagers by calling the 504 number. On October 23, defendant was observed at the Lockport Currency Exchange, in Lockport.

On October 26, in Aurora, Quarrels met with defendant, who had identified himself as "Pete Dixon." Quarrels paid defendant $715 for losing wagers. On October 30, defendant told Quarrels to call him at (815) 838-2917, which was registered to the Lockport Currency Exchange. On that date, and again on October 31 and November 6, Quarrels called defendant at the Lockport Currency Exchange and placed wagers on horse races and pro football games. On November 4, Quarrels placed one wager on a football game by calling defendant at 203-8176, a cellular telephone.

On November 7, at Quarrels' suggestion, he and defendant met at the Willowbrook Holiday Inn, in Du Page County, so that Quarrels could pay defendant for $620 in losing wagers.

Quarrels made all of the calls to defendant from Quarrels' home in Lake County or from his office in Du Page County. Quarrels did not know where defendant was located on any of the occasions when Quarrels called the cellular telephones. In addition, on several occasions, Quarrels heard traffic noise in the background. During the November 4 telephone conversation, defendant said he "had to 'pull over' to the side of the road to record the transaction." Quarrels had made that call from Du Page County.

On appeal, defendant contends that his conviction must be reversed because the State failed to prove that venue was proper in Du Page County. Venue, the charge that a crime was committed in a particular county, is a material element of the State's case which must be proved beyond a reasonable doubt. (*People v. Gutirrez* (1990), 205 Ill. App. 3d 231, 251.) Defendant argues that the State did not prove that defendant committed any elements of the offense of syndicated gambling based on bookmaking in Du Page County.

■■ ■ Venue is proper in any county where any element of the offense was committed. (*People v. Lambert* (1990), 195 Ill. App. 3d 314, 318.) "[T]he gravamen of the offense of bookmaking is the acceptance or receipt of more than five bets or wagers totaling more than $2,000." (*People v. Dugan* (1985), 109 Ill. 2d 8, 14.) The payment of money wagered is not an element of the offense. (*People v. Miller* (1984), 128 Ill. App. 3d 574, 581.) Defendant argues that since there is no evidence that he accepted or received any wagers in Du Page County, his conviction must be reversed.

The State responds that, under *People v. Hagan* (1990), 199 Ill. App. 3d 267, because part of the transaction (Quarrels' calls to place the wagers) occurred in Du Page County, venue was proper in either Will or Du Page County. The State also cites *People v. Clark* (1979), 71 Ill. App. 3d 381, in support of its position.

Both *Hagan* and *Clark* are distinguishable from the present cause. In *Hagan*, the defendant "faxed" a forged letter from Lake County to the victim's office in Cook County. As the court explained, "[t]he situs of a crime is to be determined from the nature of crime alleged and the location of the act or acts which constitute it; however, if a crime against the State is committed partly in one county and partly in another, venue may be proper in either county." (*Hagan*, 199 Ill. App. 3d at 286.) The court found that venue would have been proper in either county because the gist of the offense at issue was that the defendant transmitted a document which was capable of defrauding the victim. 199 Ill. App. 3d at 286.

In *Clark*, although the entire transaction occurred in Cook County, because the defendant was a public official of Du Page County, and the offense constituted a breach of his fiduciary duties to the people of Du Page County, he could be tried in either county. *Clark*, 71 Ill. App. 3d at 397.

Here, by contrast, the entire offense, the accepting or receiving of the wagers, was done by defendant. The State did not prove that defendant ever accepted or received a wager in Du Page County. Even though part of the conspiracy may have occurred in Du Page County, that county is not the proper venue for the syndicated gambling offense if none of the elements of that offense took place in Du Page County. The relationship between the offenses here is similar to the circumstances at issue in *People v. Page* (1990), 196 Ill. App. 3d 285. There, the defendant was charged with, among other things, felony murder predicated on robbery. The murder took place in Will County, but the robbery was committed in Cook County. The court found that Will County was the proper venue for the felony murder charge, but the robbery conviction had to be reversed because the offense was not committed in Will County. (*Page*, 196 Ill. App. 3d at 292.) Thus, merely because two offenses are related, if none of the elements of the first offense are committed within the county where any element of the connected offense was committed, venue in that county may be proper for the connected offense, but not for the first offense.

The State argues, however, that because some of the wagers were accepted by cellular telephone, there was no way to tell

where defendant was when he accepted the wagers. Therefore, the State reasons, venue would be proper in the county where the calls originated. We disagree. The evidence showed that at least three of the calls were placed to Lockport, Illinois. Thus, the State could prove venue in Will County. This is not a situation in which it was impossible to determine where any elements of the offense were committed. We express no opinion regarding the proper situs of venue had all of the calls been made to a cellular telephone, as we are not required to address merely academic questions. We note, however, that all the evidence was found in Will County. Defendant lived and owned a business in Will County, and the bookmaking was run from his business. The stipulated evidence showed that defendant never accepted or received a wager by calling Du Page County. In addition, some of the wagers were placed from Lake County. Thus, Will County was the proper venue, and the State failed to prove that any wagers were accepted or received in Du Page County. We therefore reverse the conviction of syndicated gambling.

■ The State argues that the cause should be remanded for sentencing for the inchoate offense, conspiracy to commit gambling. We agree with the State that defendant was not acquitted of that offense when the court dismissed the charge. The basis for the dismissal was that a defendant cannot be convicted of both the inchoate and the principal offense. (See Ill. Rev. Stat. 1989, ch. 38, par. 8—5.) Because the court found that the evidence was sufficient to support defendant's conviction of the conspiracy offense, reinstatement will not offend double jeopardy principles. See *People v. Mink* (1990), 141 Ill. 2d 163, 178-79.

Venue on this charge is proper in Du Page County since to prove a conspiracy to commit gambling only one overt act in furtherance of the conspiracy need be proved. There was proof that the defendant "paid off" Agent Quarrels at the Willowbrook Holiday Inn in Du Page County.

■ Finally, the State argues that the order of forfeiture should not be reversed. As the State notes, defendant made that request in his prayer for relief, but did not present any argument on that point. The rules of appellate practice require all issues to be set forth clearly and supported by argument and authority. (134 Ill. 2d Rules 341(e)(3), (e)(7).) Failure to satisfy these requirements results in waiver of the issue or argument on appeal. *People v. Morgan* (1986), 112 Ill. 2d 111, 138; *People v. Saulsburry* (1989), 178 Ill. App. 3d 857, 864.

6

The judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for sentencing.

Affirmed in part; reversed in part and remanded.

DUNN and McLAREN, JJ., concur.