TROMPETER CONSTRUCTION COMPANY, INC., Plaintiff-Appellee, *v.* FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF OTTAWA *et al.*, Defendants-Appellants.

Third District   No. 78-124

Opinion filed July 20, 1978.—Rehearing denied August 17, 1978.

James D. Hurley, Jr., of Hollerich & Hurley, of LaSalle, for appellants.

James J. Duncan, of Peru, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
The defendant, First Federal Savings and Loan Association of Ottawa, appeals from a judgment of the Circuit Court of La Salle County, in an action instituted to enforce a mechanics' lien by plaintiff Trompeter Construction Co., Inc. Following a bench trial, the circuit court found in favor of plaintiff Trompeter and decreed that plaintiff Trompeter had a valid mechanics' lien on the property in question in the amount of $3,943 plus interest, but found also that such lien was subordinate to a mortgage lien on the property in favor of defendant First Federal Savings and Loan Association of Ottawa. The circuit court thereupon entered a decree of foreclosure and sale.

On appeal in this court, the only appellant, First Federal Savings and Loan Association, contends (1) that plaintiff failed to serve proper notice of its claim of lien and, therefore, does not have a valid lien, and (2) that plaintiff did not file a claim for lien or bring suit to enforce its lien within four months following completion of the construction project by plaintiff, and that, consequently, plaintiff should not now be allowed to enforce its mechanics' lien to the prejudice of any other creditor, encumbrancer or subsequent purchaser of the property.

The record discloses that, in the summer and fall of 1966, defendants John L. Mini and Judithann J. Mini were owners of the property subject to this action. At that time, Benjamin P. Mini, the father of John L. Mini, owned and operated as a sole proprietorship, a business known as Peru Home Builders. John L. Mini operated the business for approximately six months per year while his father was on a vacation, and cooperated with his father in the conduct of the business at other times. In August of 1967, the sole proprietorship was incorporated into defendant Peru Home Builders, Inc.

In September of 1966, defendant John Mini requested that plaintiff

Trompeter submit a cost quotation on the construction of a parking lot on the property subject to this action. At the direction of John Mini, plaintiff submitted its proposal to Peru Home Builders, and thereafter undertook construction of the parking lot and completed the work on November 15, 1966. Plaintiff was not paid for the work thus completed.

On December 14, 1966, defendants John and Judithann Mini conveyed the property to defendant Marquette Heights, Inc., and on December 15, 1966, defendant Marquette Heights executed a mortgage on the property in favor of defendant First Federal Savings and Loan Association of Ottawa. The mortgage to First Federal was executed by defendant John Mini, as president of defendant Marquette Heights. The proceeds of the mortgage were apparently distributed largely to defendants John and Judithann Mini.

On October 18, 1967, plaintiff filed a claim for lien in the Recorder's Office of La Salle County. Plaintiff filed this action to foreclose the mechanics' lien on November 14, 1968. There were several conveyances of the subject property while this action was pending, but it appears that on January 30, 1969 (prior to the additional conveyances referred to), plaintiff filed a lis pendens notice with respect to its foreclosure suit.

On December 12, 1968, First Federal moved to strike plaintiff's complaint and on March 24, 1976, the circuit court denied that motion. On March 31, 1976, defendant First Federal filed its answer to plaintiff's complaint, and in the answer denied all the allegations of the complaint. The answer also requested dismissal of the complaint or, in the alternative, that First Federal's mortgage lien be declared a prior and superior lien to plaintiff's mechanics' lien.

Following the hearing in this cause on May 18, 1977, the circuit court held that plaintiff had a valid mechanics' lien on the property in the sum of $3,943 plus interest, but the plaintiff's mechanics' lien was subordinate to defendant First Federal's mortgage lien on the premises. The court thereafter, on November 28, 1977, entered a decree of foreclosure and sale in accordance with its finding. Defendant First Federal filed a notice of appeal from the judgment of the circuit court, but none of the remaining defendants have appealed or participated in this appeal.

■■■ Every final judgment in a civil case is appealable as of right (Ill. Rev. Stat. 1977, ch. 110A, par. 301) and it has been clearly established that parties to the record may appeal if they consider themselves aggrieved by the judgment and such appeal may be taken (whether such parties were actually so aggrieved has no bearing upon the right to appeal). (*Vece v. De Biase* (1964), 31 Ill. 2d 542, 544-45, 202 N.E.2d 482.) As stated in *Harrison v. Kamp* (1946), 395 Ill. 11, 18, 69 N.E.2d 261:

"The seven appellants were all parties of record and could, as a

matter of right, prosecute an appeal if they deemed themselves aggrieved by the decree. Whether they were actually so aggrieved has no bearing upon their right to appeal."

As also stated in *In re Johnson* (1st Dist. 1977), 53 Ill. App. 3d 921, 923, 369 N.E.2d 70:

"The test as to whether an appellant has a right of review is whether his interest is direct, immediate and substantial. [Citation.] Should the interest be merely speculative, theoretical, inconsequential or remote, he will not have a right of review. [Citation.] However, when an appellant is bound by the decree of the court below, even though the questions presented are moot, he is entitled to a determination of whether his claim is moot. *Harrison v. Kamp* (1946), 395 Ill. 11, 69 N.E.2d 261."

In the instant case it is clear that defendant First Federal is a party of record to the proceedings below, and that defendant First Federal is therefore bound by the decree of the circuit court. Therefore, First Federal has a right to appeal from the circuit court's determination, but we must consider whether the issues raised on this appeal are moot.

■■ As we have further noted in the case of *In re Johnson* (1st Dist. 1977), 53 Ill. App. 3d 921, 924, 369 N.E.2d 70:

"Courts have determined an issue to be moot when no actual controversy, interests or rights of the parties are presented or involved or when the issue itself has ceased to exist. [Citation.] And an appellate court will not review a case merely to resolve moot or academic questions, to establish precedent, or to render a judgment to guide potential future litigation. *LaSalle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378-379, 121 N.E.2d 486; see *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 11, 289 N.E.2d 431."

(Accord, *Weigel v. O'Connor* (1st Dist. 1978), 57 Ill. App. 3d 1017, 373 N.E.2d 421.) In the instant case, the only interest which defendant First Federal has asserted in the property in question is that of its mortgage lien. In ruling that plaintiff had a valid mechanics' lien, the circuit court specifically found and ordered that plaintiff's lien was subordinate to defendant First Federal's mortgage lien. It thus is apparent that defendant First Federal occupies the same position with respect to the property whether or not plaintiff's mechanics' lien is deemed to be valid. With respect to defendant First Federal, the validity of plaintiff's lien is abstract and moot, and does not involve any actual rights of defendant First Federal. The issues which defendant First Federal seeks to raise on appeal may, however, represent an actual controversy as between plaintiff and some of the defendants (other than First Federal). Nevertheless, in view of the fact that First Federal is the only defendant

appealing from the circuit court order and since the issues sought to be raised by defendant First Federal concern no actual rights or interests of First Federal, all of the issues presented by this appeal are abstract and moot. As a consequence, we conclude that the decree of the Circuit Court of La Salle County properly found the rights and interests of First Federal in the cause, and that, for reasons stated in this opinion, other issues presented are abstract and moot. Accordingly, the appeal should be, and is, dismissed.

Appeal dismissed.

STENGEL and STOUDER, JJ., concur.