THE CITY OF CHICAGO, Plaintiff-Appellee, v. JONATHAN STRAUSS, Defendant-Appellant.

First District (4th Division)   No. 83—2168

Opinion filed October 18, 1984.

Thomas C. Crooks, of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial, defendant, Jonathan Strauss, was found to have violated section 36—48 of the Municipal Code of Chicago (Chicago, Illinois, Municipal Code 1982, ch. 36, sec. 36—48), and was fined $25 for having attempted to sell a ticket to the April 19, 1983, Chicago White Sox baseball game in front of the baseball park. On appeal, the defendant contends that his conviction must be reversed on the basis that the term "speculating" as used in the ordinance is vague and renders it unconstitutional. Alternatively, the defendant argues that "speculating" refers to the selling of a ticket for a price more than the price printed upon the face of the ticket and that, as such, his attempt to sell the ticket for not more than its face value did not constitute a violation of the ordinance.

Section 36—48 provides, in pertinent part:

"[No person shall] be permitted to remain at any [street corner or public place in front of any theatre, baseball park or other place of amusement in the city] having in his possession any

tickets for any theatre, baseball park or other place of amuse-ment, for the purpose of selling same, or offering the same for sale, in front of, or near any theatre, baseball park or other place of amusement in an attempt at speculating in such tick-ets." Chicago, Illinois, Municipal Code 1982, ch. 36, sec. 36—48.

The city concedes that the term "speculating" generally refers to the sale of a ticket at a price above that charged by management. How-ever, the city maintains that section 36—48 proscribes two distinct kinds of conduct: (1) remaining at a baseball park having a ticket in one's possession for the purpose of selling the ticket, and (2) offering a ticket for sale in front of, or near a baseball park, in an attempt at speculating in such ticket. The city reasons that the defendant there-fore violated the first part of the ordinance by attempting to sell a ticket in his possession in front of the baseball park, regardless of price.

In construing municipal ordinances, the same rules that govern the construction of statutes are applied. (*Village of Park Forest v. Wojcie-chowski* (1963), 29 Ill. 2d 435, 437, 194 N.E.2d 346.) The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. (*Sayles v. Thompson* (1983), 99 Ill. 2d 122, 125, 457 N.E.2d 440.) Where the statutory language is clear and unambiguous, the statute must be given effect without resort to other aids for con-struction. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174.) But where the language is susceptible of differing interpreta-tions, to ascertain the legislative intent it may be necessary to look beyond the express words and to consider the purpose to be served by the statute. (*People v. Dugan* (1984), 125 Ill. App. 3d 820, 826, 466 N.E.2d 687; *Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 154, 446 N.E.2d 1217; *DeWitt County Taxpayers' Association v. County Board* (1983), 112 Ill. App. 3d 332, 336, 445 N.E.2d 509.) Where more than one construction is apparent, the court will choose that interpretation which leads to a logical result, and will avoid an interpretation which would render any of the provisions superfluous, redundant, or absurd. (*Board of Trustees v. Human Rights Com.* (1981), 88 Ill. 2d 22, 28, 429 N.E.2d 1207; *Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 352-53, 458 N.E.2d 126.) Furthermore, penal stat-utes are to be strictly construed in favor of an accused and any ambigu-ity therein should be resolved in favor of the defendant. *People v. Fos-ter* (1983), 99 Ill. 2d 48, 55, 457 N.E.2d 405.

Here, we cannot agree with the city's proffered construction of the ordinance. Contrary to the city's assertions, we believe the proper interpretation to be placed on section 36—48 is that persons intending to sell or offering to sell tickets in their possession at, or near any

amusement park, are prohibited from selling those tickets at a price greater than their face value. If we accepted the city's construction, the entire latter part of the ordinance would be superfluous, since the ordinance could then be violated either by offering a ticket for sale at any price, or by offering a ticket for sale at a premium. In our view, this interpretation would produce a result not intended by the city council.

Therefore, since the evidence established that defendant offered the ticket for sale at or below its face value, his conduct did not fall within the purview of the ordinance. Consequently, we need not address the issue of the constitutionality of the ordinance.

Accordingly, the judgment of the circuit court of Cook County is reversed.

JOHNSON and ROMITI, JJ., concur.