THE SISTERS OF THE THIRD ORDER OF ST. FRANCIS, Petitioner, v. THE PEOPLE *ex rel.* JOHN A. BARRA, State's Attorney, Respondent-Appellee (John M. Schewe, Petitioner-Appellant).

Third District   No. 3—86—0453

Opinion filed January 14, 1987.—Modified on denial of rehearing February 18, 1987.

Mark A. Rose, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The petitioner-appellant, John M. Schewe, appeals from the circuit court's denial of a motion to quash a *subpoena duces tecum*. The motion to quash was brought by the petitioners, the Sisters of the Third Order of St. Francis (the Sisters), and joined by Schewe. We affirm.

Mr. Schewe has been under grand jury investigation for his alleged operation of a motor vehicle under the influence of alcohol, resulting in a one-car collision and a passenger's death. Pursuant to that investigation, the St. Francis Medical Center, owned and operated by the Sisters, was issued a *subpoena duces tecum* ordering it to produce samples or test results showing evidence of Schewe's blood-alcohol content or intoxication following the accident.

The Sisters petitioned to quash the subpoena, asserting that it requested statutorily confidential information. Mr. Schewe joined in the motion to quash. The court denied the motion and ordered that the subpoena would be limited to evidence of Mr. Schewe's blood-alcohol or intoxication. Mr. Schewe brought the instant appeal, arguing that the trial court improperly refused to quash the subpoena.

The State argues initially that we lack jurisdiction to hear the appeal. We disagree. The State relies primarily upon *People v. ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483. In *Silverstein*, a reporter who was not a party to the underlying civil litigation but who had written about the case and who was covering the relevant litigation, was issued a *subpoena duces tecum* for his deposition and the production of certain documents. The reporter moved to quash the subpoena based upon his statutory reporter's privilege. The circuit court denied the reporter's motion to quash the subpoena and ordered him to submit to a limited deposition. The reporter appealed from that order. The supreme court noted that despite the circuit court order, the reporter had the remaining privilege either to obey the order or to defy it and perhaps evoke a final and appealable judgment of contempt. It held that the order was not final and appealable under Supreme Court Rule 301 (87 Ill. 2d R. 301). In so holding, it distinguished and thus did not judge the soundness of *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 392 N.E.2d 929, upon which Mr. Schewe primarily relies to support his argument of appealability. In *Laurent*, the appellate court held final and appealable the circuit court's order requiring compliance with an administrative *subpoena*

*duces tecum.*

Here, as in *Silverstein*, the discovery order has not been disobeyed and no order finding contempt or imposing sanctions has been entered. Nevertheless, we do not find *Silverstein* controlling. Unlike the order in *Silverstein*, the instant order is not made as a preliminary order in an existing suit. Furthermore, unlike the reporter in *Silverstein*, who could refuse to comply with the court's deposition order and thus evoke an appealable contempt citation, Mr. Schewe has no capacity to evoke a contempt judgment. The Sisters were the recipients of the instant release order and Mr. Schewe has no authority to compel the Sisters to defy the order. The instant order finally determined Mr. Schewe's right to prevent release of the relevant medical records; it was appealable under Rule 301.

■ Petitioner Schewe's argument on the merits is that in denying his motion to quash, the circuit court improperly construed section 8—802 of the Code of Civil Procedure. In relevant part, section 8—802 provides:

> "No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve such patient, except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide ***." Ill. Rev. Stat. 1985, ch. 110, par. 8—802.

The trial court found that the first statutory exception in section 8—802 applied to the instant case. Consequently, the court concluded that the instant, limited disclosure was not prohibited under section 8—802 and denied the motion to quash. The court reasoned that if the legislature intended that information such as that at issue be released for use in homicide trials, then the information could also be used for the instant grand jury investigation which might lead to a homicide trial.

On appeal, Mr. Schewe argues that the court committed reversible error in refusing to quash. According to Mr. Schewe, the court improperly failed to give the language of section 8—802 its plain and ordinary meaning. Mr. Schewe asserts that the reference of the first section 8—802 exception to "trials" does not comprise grand jury proceedings. We disagree.

In construing a statute, a court's duty is to ascertain and give effect to the intent of the adopting legislature. (*Sayles v. Thompson* (1983), 99 Ill. 2d 122, 457 N.E.2d 440.) In determining intent, courts should first consider the statutory language, as the ordinary meaning

of the drafters' language provides the best evidence of their intent. (99 Ill. 2d 122, 457 N.E.2d 440; *People v. Boykin* (1983), 94 Ill. 2d 138, 445 N.E.2d 1174.) However, where the language is susceptible of differing interpretations, to ascertain the legislative intent it may be necessary to look beyond the express words and to consider the purpose to be served by the statute. *City of Chicago v. Strauss* (1984), 128 Ill. App. 3d 193, 470 N.E.2d 563.

Despite the petitioner's contention that the reference to "trials" in the first exception of section 8—802 does not comprise related grand jury proceedings, we observe that "trials" is not a word of rigid definition. It is, rather, susceptible of broad and differing interpretations. (See *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319.) It may refer to all the preliminary and subsequent proceedings. (*People v. Looney* (1924), 314 Ill. 150, 145 N.E. 365.) Consequently, we must consider the purpose to be served by the statute in order to determine the legislature's intent.

■ Through section 8—802, the legislature enumerated the circumstances under which generally privileged information collected by physicians and surgeons would be subject to disclosure. In providing for certain disclosures "in trials for homicide," the legislature displayed its clear purpose to exclude from the general privilege certain information which would directly assist a homicide prosecution. Given the underlying legislative intent revealed by that purpose, we find that the instant exception's reference to "trials for homicide" includes grand jury proceedings commenced in contemplation of open-court homicide trial proceedings.

Accordingly, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

STOUDER and HEIPLE, JJ., concur.