MYRTLE BABBITT, Plaintiff-Appellant and Cross-Appellee, v. UNITED PARCEL SERVICE, INC., Defendant-Appellee and Cross-Appellant.

Third District   No. 3—90—0518

Opinion filed April 25, 1991.

Ronald Henson, of Barash, Stoerzbach & Henson, of Galesburg (John W. Robertson, of counsel), for appellant.

Arthur R. Kingery and Lindsay W. Wright, both of Strodel, Kingery & Duree, Associated, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This case arose out of a motor vehicle accident in Galesburg, Illinois. The plaintiff, Myrtle Babbitt, filed suit against the defendant, United Par-

cel Service (UPS), for personal injuries she sustained when the taxi in which she was a passenger rammed into a light pole. A jury in the circuit court of Knox County rendered a verdict in favor of the defendant. The plaintiff appeals.

On appeal, the issue we address is whether the trial court correctly interpreted section 1—156 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 1—156).

On January 29, 1989, the plaintiff was a passenger in a taxi heading north on Seminary Street in Galesburg. The taxi encountered a delivery truck owned and operated by the defendant, UPS. The truck was located on the east side of the street in the northbound lane. The driver of the UPS vehicle was at the time of the accident engaged in the process of making a delivery on the west side of the street. In attempting to pass the truck, the taxi maneuvered into the southbound lane and, being confronted with oncoming traffic, swerved back into the northbound lane. As a result, the taxi driver lost control of the taxi and it jumped a curb, hitting a light pole and resulting in injuries to the plaintiff.

The plaintiff filed suit against the defendant alleging various counts of negligence. Before trial, the defendant filed a motion for summary judgment praying that the trial court find as a matter of law that the UPS truck was not violating either the applicable Illinois statute or the Galesburg city ordinance regarding parking. The trial court granted the defendant's motion for summary judgment.

■ We find the trial court correctly interpreted the applicable statute. The construction of a statute is a question of law to be determined by the court. (*Berrios v. Rybacki* (1989), 190 Ill. App. 3d 338, 546 N.E.2d 651.) When statutory language is certain and unambiguous, it is not proper for a court to depart from the plain meaning by reading into the statute exceptions, limitations, and conditions which conflict with the legislative intent; furthermore, judicial interpretation should not result in absurd conclusions or manifest injustice. *Helland v. Larson* (1985), 138 Ill. App. 3d 1, 485 N.E.2d 457.

Section 1—156 of the Code defines park or parking as follows:

"Means the standing of a vehicle, whether occupied or not, otherwise than when temporarily and actually engaged in loading or unloading merchandise or passengers." (Ill. Rev. Stat. 1989, ch. 95½, par. 1—156.)

It should be noted that the Galesburg ordinance is virtually identical to the Illinois statute.

In the instant case, the plaintiff claims that it is "obvious" that the language regarding occupation of a vehicle applies only to the first part of the sentence, regarding the standing of a vehicle, but not to the second

part of the sentence, regarding actually engaged in loading or unloading. It appears from this argument that the plaintiff means to infer in the statute a requirement that the vehicle must be occupied at all times even during the delivering and unloading stages.

■ It is sophistry to interpret the statute as requiring all delivery trucks be manned by two individuals; one to unload the truck and one to remain in the truck while the truck was being unloaded. Other States, interpreting similar statutes, have ruled that "making a delivery" is synonymous with "unloading" for purposes of the parking statute exemption. See *Logan v. Margolis* (1967), 5 Ariz. App. 183, 424 P.2d 831; *Rieck-McJunkin Dairy Co. v. George* (1948), 162 Pa. Super. 132, 56 A.2d 261.

■ Accordingly, because the other issues raised by the plaintiff on appeal are contingent upon this court finding the trial court erred in interpreting the parking statute, we need only address that issue for we find the trial court correctly interpreted the statute. For this reason, we affirm the circuit court of Knox County.

Affirmed.

BARRY and GORMAN, JJ., concur.