THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JEFFREY KRAUSE, Defendant-Appellee.

Third District    No. 3—94—0119

Opinion filed June 6, 1995.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Jeffrey Krause was charged with aggravated driving under the influence of alcohol (625 ILCS 5/11—501(d)(3) (West 1992)). He filed a motion *in limine* seeking to bar the introduction of a statement he made to the paramedic attending to him at the scene of the accident giving rise to the charged offense. The trial court granted the motion on the ground of physician-patient privilege pursuant to section 8—802 of the Code of Civil Procedure (735 ILCS 5/8—802 (West 1992)). The State appeals. We reverse.

Defendant was driving his motorcycle on the evening of May 14, 1993, in Macomb, Illinois, when he collided with a pedestrian. Patrolman Derek Carle arrived first at the scene and summoned an ambulance. Carle asked Ron Tex, one of the paramedics who responded to the call, to assist the defendant.

Tex asked if defendant had consumed any alcohol. Defendant responded that he had drunk six beers. He then refused any medical treatment. Tex informed Carle that defendant had consumed six beers.

Defendant subsequently submitted to field sobriety tests, which led Carle to believe that defendant was under the influence. Carle placed defendant under arrest, and defendant agreed to be transported by ambulance for medical treatment. On the way to the hospital, defendant was immobilized, and blood was drawn for routine testing. Once there, however, defendant refused further services, and he was taken to the police station for booking.

The trial court ruled that: (1) defendant's statement to the paramedic that he had drunk six beers was a communication within the scope of the physician-patient privilege (735 ILCS 5/8—802 (West 1992)); and (2) the statement did not fall within any of the statutory exceptions for disclosure of information without the patient's consent. The court granted defendant's motion and barred the use of defendant's statement at trial.

I

Before addressing the State's arguments, we must consider defendant's argument that the interlocutory appeal should be dismissed as unappealable. The State's right of appeal is limited. By supreme court rule, the State may appeal from interlocutory orders only if they result in the suppression of evidence (145 Ill. 2d R. 604(a)(1)). Defendant suggests that a motion *in limine* excluding evidence on the ground of privilege does not have the same substantive effect as a motion to suppress evidence obtained as a result of police misconduct. Therefore, allowing the State to appeal in this case is tantamount to allowing the State to appeal any evidentiary ruling.

■ Defendant's position was rejected by our supreme court in *People v. Keith* (1992), 148 Ill. 2d 32, 591 N.E.2d 449. In that case, the court specifically ruled that the effect of the court's order, not the label of the pretrial motion, controls the ability to appeal. If the trial court grants a defendant's motion *in limine* and suppresses evidence, and the State's Attorney certifies that the suppression substantially impairs the State's ability to prosecute the case, then the State's right to appeal is established. The court may rely on the good-faith evaluation of the prosecutor and need not second-guess the impact of the suppression order to determine appellate jurisdiction. *Keith*, 148 Ill. 2d at 39-40, citing *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501.

II

The State argues that if the physician-patient relationship created by section 8—802 was established between defendant and the paramedic, the trial court erred in its determination that exception (4) of the statute did not apply.

Section 8—802 states in relevant part:

"No physician \*\*\* shall be permitted to disclose any information he \*\*\* may have acquired in attending any patient in a professional character, necessary to enable him \*\*\* professionally to serve the patient, except only \*\*\* (4) in all actions brought by or against the patient, \*\*\* wherein the patient's physical or mental condition is an issue \*\*\*." 735 ILCS 5/8—802 (West 1992).

An issue of statutory interpretation is a question of law (see *Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 445 N.E.2d 374), and our review is *de novo*. (*In re Application of the County Collector* (1994), 265 Ill. App. 3d 485, 637 N.E.2d 679.) The plain language of a statute is the best indicator of legislative intent (*People v. Scharlau* (1990), 141 Ill. 2d 180, 565 N.E.2d 1319), and it will be presumed that the legislature intends a change in the law when it amends a statute. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Where amendatory legislation affects multiple statutes on the same subject, the statutes may be read *in pari materia* to ascertain legislative intent. *Illinois-Indiana Cable Television Association v. Illinois Commerce Comm'n* (1973), 55 Ill. 2d 205, 302 N.E.2d 334.

■ In construing exception (4) in this case, the trial court alluded to defendant's mental and physical "health," which the court observed was not an issue in the case. However, the exception plainly refers to the patient's mental and physical "condition," which is irrefutably an element of the offense and an issue in any prosecution for driving under the influence. Thus, we find that the court erred in refusing to apply exception (4) on this basis.

■ The trial court also found that the exception "relates to a rather narrow range of civil cases when read in the context of the ten [statutory] exceptions." Although we are not aware of any criminal cases applying exception (4), the legislature did not intend that the exception apply only in civil actions. Exception (4) expressly extends to "*all actions* brought by or against the patient \*\*\* wherein the patient's physical or mental condition is an issue." (Emphasis added.) (735 ILCS 5/8—802(4) (West 1992).) Thus, the exception must be construed as extending to "all actions," criminal, civil or administrative.

Had the legislature intended to restrict the exception only to civil actions, it could have drafted the exception more narrowly. For example, exception (6) is restricted by its language to "any criminal action." (735 ILCS 5/8—802(4) (West 1992).) In fact, an earlier version of exception (4) was restricted to "all civil suits." (See Ill. Rev. Stat. 1979, ch. 51, par. 5.1(4).) The legislature's amendment deleting the term "civil" indicates its intent to extend the scope of the excep-

tion to criminal actions. Moreover, we cannot infer, as the defendant suggests, that exceptions (2) and (7) extend to "actions, civil or criminal" (735 ILCS 5/8—802(2), (7) (West 1992)) and that the legislature intended "all actions" for purposes of exception (4) to mean "all civil actions."

Finally, defendant contends that because construction of a statute requires that none of its provisions should be rendered meaningless or superfluous, our application of exception (4) to criminal prosecutions renders exception (9) redundant.

In *People v. Saulsburry* (1989), 178 Ill. App. 3d 857, 533 N.E.2d 1154, the court analyzed the legislative history of exception (9). This exception, which allows the admission of written blood-alcohol tests, was enacted in response to earlier specific prohibitions of such evidence in the Illinois Motor Vehicle Code. At the same time, corresponding legislation was also passed to amend the Motor Vehicle Code. The purpose of both amendments clarified that blood-alcohol test results in DUI prosecutions were to be admitted into evidence. (*Saulsburry*, 178 Ill. App. 3d 857, 533 N.E.2d 1154.) Thus, any seeming redundancy in the two exceptions does not affect or detract from our decision today.

The criminal prosecution of a patient for a DUI offense is an action against a patient within the scope of exception (4) to the physician-patient privilege. Accordingly, defendant's statement to the paramedic was not a privileged communication, and his motion *in limine* to exclude the statement at trial should have been denied.

Because our consideration of the statutory construction argument disposes of the appeal, we need not comment on the merits of the State's other argument.

The judgment of the circuit court of McDonough County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and McCUSKEY, JJ., concur.