1997 SD 5

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gale A. VANDERGRIFT, Defendant and Appellant.**

No. 19403.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1996.

Decided Jan. 22, 1997.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, for plaintiff and appellee.

Sean M. O'Brien, Brookings, for defendant and appellant.

AMUNDSON, Justice.

[¶ 1]   Gail A. Vandergrift appeals from an intermediate order admitting blood test results.  We reverse.

### FACTS

[¶ 2]   Vandergrift was charged with driving while under the influence (DUI) in violation of SDCL 32–23–1(1) or (2).  She refused a blood alcohol test (BAT) after being advised of the implied consent law.  A BAT was conducted for medical purposes, however.

[¶ 3]   In *State v. Vandergrift,* 535 NW2d 428 (SD 1995) this Court held that the trial court erred in suppressing the results of Vandergrift's BAT on the basis of South Dakota's implied consent statutes since the purpose and intent of those statutes did not apply to private blood samples taken by treating physicians or their agents for medical purposes only.  Although Vandergrift also argued that the BAT result should be excluded because admission would violate the physician-patient privilege, SDCL 19–13–7, we did not consider the issue because the trial court had not had an opportunity to rule on the issue.  The case was reversed and remanded for further proceedings.

[¶ 4]   On remand, the parties stipulated that the physician-patient privilege issue could be considered by the trial court upon the record as it then existed and with briefs

submitted by counsel. The trial court held that BAT results constitute a communication which is subject to the physician-patient privilege, SDCL 19–13–7, but that the privilege was waived under SDCL 19–2–3 because a person's physical health is at issue in a DUI prosecution. We granted Vandergrift's petition for allowance of appeal from the order admitting blood test results.

## DECISION

[¶ 5] The physician-patient privilege is found in SDCL 19–13–7. It provides:

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

SDCL 19–2–3 provides for a waiver of this privilege in criminal actions or proceedings where the physical or mental health of any person is an issue. SDCL 19–2–3 states:

In any action or proceeding or quasi-judicial administrative proceeding, whenever the physical or mental health of any person is in issue, any privilege under § 19–13–7 shall conclusively be deemed to be waived at trial or for the purpose of discovery under chapter 15–6 if such action or proceeding is civil in nature; and such privilege shall also conclusively be deemed to be waived at trial or for any purpose provided by chapter 23A–12 or 23A–13 if such action or proceeding is criminal in nature.

[¶ 6] Vandergrift was charged under SDCL 32–23–1(1) and 32–23–1(2):

A person may not drive or be in actual physical control of any vehicle while:

(1) There is 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood or other bodily substance;

(2) Under the influence of an alcoholic beverage[.]

The trial court determined that a material element of SDCL 32–23–1(2) that the state must prove is a person's health. It reasoned that when the state proves that a person is "under the influence of an alcoholic beverage" it proves an abnormal mental or physical condition resulting from indulging in intoxicants. The court reasoned that a physical condition is encompassed by the term health and, therefore, the physician-patient privilege is waived under SDCL 19–2–3. We disagree.

[¶ 7] The state of a person's health is not an element of SDCL 32–23–1(1) or SDCL 32–22–1(2) that the state must prove. Under SDCL 32–23–1(1) the state merely must prove that a person was driving or in actual physical control of a vehicle with a prohibited blood-alcohol concentration of 0.10 percent. Under SDCL 32–23–1(2), the query is whether the person is "under the influence of an alcoholic beverage." We have recognized that this phrase covers "not only all well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in alcoholic liquor and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess." *State v. Masteller*, 86 SD 514, 517, 198 N.W.2d 503, 505 (1972); *See* SDPJI 3–10–3. Intoxication is a temporary disorder which manifests itself with physical symptoms. 3B Charles J. Frankel, Lawyers Medical Cyclopedia, § 17.14(b)(1983). Under SDCL 32–23–1(2), the focus is on the condition produced by this intoxication, not on whether a person is healthy or unhealthy. Consequently, Vandergrift's health is not at issue by virtue of being charged with a violation of SDCL 32–23–1(1) or SDCL 32–23–1(2), nor is there any indication that Vandergrift has raised the issue of health as a defense to the charges. The trial court erred by holding that the physician-patient privilege was waived under SDCL 19–2–3.[1]

---

1. *See People v. Krause*, 273 Ill.App.3d 59, 209 Ill.Dec. 566, 651 N.E.2d 744 (3 Dist.1995). Krause was charged with aggravated driving under the influence. The trial court held that Krause's statements to a paramedic concerning his alcohol consumption was a communication within the scope of the physician patient privilege. 735 ILCS 5/8—802 (West 1992). The trial court also held that the statement did not fall

[¶ 8] The state contends that the trial court erred by holding that BAT results constitute a communication subject to the physician-patient privilege under SDCL 19–13–7. We decline to consider this issue. The state is the appellee in this case and failed to file a notice of review. SDCL 15–26A–22. We recognize the split of authority on this issue. *Compare Oxford v. Hamilton,* 297 Ark. 512, 763 S.W.2d 83 (1989) with *State v. Schroeder,* 524 N.W.2d 837 (N.D.1994). Because the issue is not properly before us we decline to pass upon it until it is properly raised and there is an opportunity for thorough briefing. *State v. Howell,* 354 N.W.2d 196 (S.D.1984).

[¶ 9]   Reversed.

[¶ 10]   SABERS, KONENKAMP and GILBERTSON, JJ., concur.

[¶ 11]   MILLER, C.J., concurs specially.

MILLER, Chief Justice (concurring specially).

[¶ 12]   Although in general agreement with the analysis of the majority opinion, I write to reiterate that a crucial issue in this case, i.e., whether withdrawal of blood by a physician is a "communication," unfortunately is not before us. The State did not prevail on the "communication" issue at the trial level and did not present that issue for consideration by us when the Defendant sought and obtained an intermediate appeal on the issue addressed, and correctly decided, by the majority.

into the statutory exception (4) of 735 ILCS 5/8—802 which allows physicians to disclose information "in all actions brought by or against the patient, * * * wherein the patient's physical or mental *condition* is an issue." (emphasis supplied). The appellate court reversed based upon the statutory element of physical or mental *condition:*

> In construing exception (4) in this case, the trial court alluded to defendant's mental and physical "health," which the court observed was not an issue in the case. However, the

exception plainly refers to the patient's mental and physical "condition," which is irrefutably an element of the offense and an issue in any prosecution for driving under the influence. Thus, we find that the court erred in refusing to apply exception (4) on this basis.

209 Ill.Dec. at 568, 651 N.E.2d at 746. SDCL 19–2–3 differs from 735 ILCS 5/8—802(4) by allowing a waiver of the privilege in criminal proceedings where physical or mental *health,* not condition, is in issue.