No. 3--96--0588

_________________________________________________________________

                    IN THE APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

IN RE THE MARRIAGE OF:        )    Appeal from the Circuit Court

                              )    for the 14th Judicial Circuit,

TAMERA SUE MAY,               )    Rock Island County, Illinois  

                              )

     Petitioner-Appellee,     )

                              )

v.                            )    No. 94 D 909

                              )

TOMMY JOE MAY                 )    Honorable

                              )    Alan G. Blackwood

     Respondent-Appellant.    )    Judge, Presiding

_________________________________________________________________

            JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

     In this case, we are confronted with the intriguing issues of

bigamy and deceit.  But the fundamental question we must answer is

whether a second husband may have his marriage declared void after

his wife's prior marriage has been dissolved, despite the fact that

he lived in a conjugal relationship with his wife for almost four

years thereafter.  We hold that he cannot.

                                   FACTS

     Tamera and Tommy were married in Illinois in 1989.  They had

three children, Randy, born in 1989, Michael, born in 1991, and

Megan, born in 1992.  At the time the parties were married, Tamera

was still married to her first husband, and she remained married to

him until a dissolution judgment was entered in Texas in 1991. 

Tamera testified that she married her first husband solely to

enable him to obtain an immigration visa.

     At the time Tamera and Tommy were married, Tommy was aware

that Tamera's divorce had not yet been presented to the Texas

court.  However, Tamera told Tommy that the divorce would be

entered by the court within a week of their marriage.  Tommy and

Tamera continued to cohabit as husband and wife until shortly

before Tamera filed her petition for dissolution of marriage in

December 1994.  During a deposition in the instant divorce

proceedings, Tommy discovered that Tamera's divorce from her first

husband had been delayed.

     After the trial court entered the judgment of dissolution,

Tommy filed a motion to reconsider which asked the court to clarify

the duration of the marriage in light of Tamera's prior marriage. 

The trial court ruled that the parties' marriage was void in 1989,

but became valid on the date Tamera's marriage to her first husband

was dissolved.  In making this ruling, the trial court relied on

section 212 of the Illinois Marriage and Dissolution of Marriage

Act (Act), which provides that parties to a prohibited marriage who

cohabit after removal of the impediment are lawfully married as of

the date of the removal of the impediment. 750 ILCS 5/212(b) (West

1994).  Thereafter, Tommy filed another motion to declare the

marriage void ab initio and set aside all orders related to the

marriage.  The trial court denied this motion because it had

previously entered a ruling on the validity of the parties'

marriage.  This appeal followed.

                                DISCUSSION

     The sole issue on appeal is whether the cohabitation required

by section 212(b) of the Act must occur with knowledge that the

prior impediment to the marriage has been removed.

     The overriding objective in interpreting a statute is to

ascertain and give effect to the intent of the legislature. Roser

v. Anderson, 222 Ill. App. 3d 1071, 584 N.E.2d 865 (1991).  If

statutory language is susceptible to more than one interpretation,

the court may look beyond the language to consider the purposes to

be served by the statute. Sisters of Third Order of St. Francis v.

People ex rel. Barra, 151 Ill. App. 3d 875, 503 N.E.2d 1069 (1987). 

If, however, the language is clear, the court must confine its

inquiry to a consideration of that language and must not look to

extrinsic aids. In re Marriage of Logston, 103 Ill. 2d 266, 469

N.E.2d 167 (1984).  This court reviews questions of statutory

construction de novo. See Wright v. Chicago Municipal Employees

Credit Union, 265 Ill. App. 3d 1110, 639 N.E.2d 203 (1994).

     Section 212 of the Act prohibits marriage prior to the

dissolution of an earlier marriage of one of the parties. 750 ILCS

5/212(a)(1) (West 1994).  This section further provides that

"[p]arties to a marriage prohibited under subsection (a) of this

Section who cohabit after removal of the impediment are lawfully

married as of the date of the removal of the impediment." 750 ILCS

5/212(b) (West 1994).

     Although Tommy does not deny that he and Tamera lived together

as husband and wife after Tamera's 1991 divorce from her first

husband, he claims that such cohabitation is not enough to validate

the marriage under section 212(b) of the Act.  He argues that since

a bigamous marriage is void ab initio (see Cartwright v. McGown,

121 Ill. 388, 12 N.E. 737 (1887)), section 212(b) can only operate

to create a lawful marriage if all of the requisite elements of a

valid marriage exist.  Because consent is a requisite element of

marriage (Larson v. Larson, 42 Ill. App. 2d 467, 192 N.E.2d 594

(1963)), Tommy claims that section 212(b) operates to validate a

prohibited marriage only if the parties cohabit after the

impediment is removed and both parties have knowledge that the

impediment has been removed.  This position is untenable.

     Since the term cohabit is not ambiguous, we must apply the

statute as written without the addition of requirements which are

not found in the express language of the statute.  Accordingly, we

cannot read a scienter requirement into section 212(b) of the Act.

     In addition, a critical reading of section 212(b) discloses

that Tommy's proposed interpretation of the statute is improper. 

Since common law marriages are not recognized in Illinois,

cohabitation alone can never result in a valid marriage.  Because

section 212(b) operates to create a valid marriage based solely

upon cohabitation after the removal of an impediment, we must

assume that the legislature intended to ascribe some meaning to the

wedding ceremony that created the bigamous marriage.  Moreover,

although a bigamous marriage is void ab initio, it does not follow

that such a marriage lacked all of the necessary elements of a

marriage or that the parties' manifestations of consent at the

wedding ceremony must be ignored for all purposes.  It thus appears

that section 212(b) presupposes that the bigamous marriage is valid

in every regard except for the fact that it took place prior to the

dissolution of an earlier marriage of one of the parties. 

Accordingly, a consent requirement need not be read into section

212(b) because a bigamous marriage does not necessarily lack the

element of consent.

     The foregoing analysis does not foreclose the possibility that

a bigamous marriage lacked the required consent of the parties at

the time they entered into the marriage.  In such a case, section

212(b) would not operate to ratify the marriage.  However, lack of

consent and bigamy are separate defects.  For these reasons, we

hold that section 212(b) of the Act operates to ratify a bigamous

marriage regardless of whether the parties have knowledge that the

impediment has been removed.  

     Tommy also claims that the trial court's interpretation of

section 212(b) does not comport with sections 301 and 305 of the

Act.  According to section 301, a court shall enter a judgment

declaring the invalidity of any marriage which is prohibited. 750

ILCS 5/301(4) (West 1994).  Section 305 provides that a person who

has gone through a marriage ceremony and cohabited with another to

whom he is not legally married in the good faith belief that he was

married to that person is a putative spouse until he acquires

knowledge that he is not legally married. 750 ILCS 5/305 (West

1994).  Neither of these provisions is inconsistent with our

interpretation of section 212(b).

     While bigamy is clearly grounds for annulment, once a bigamous

marriage is legalized by operation of section 212(b), it can no

longer be considered a "prohibited marriage."  Similarly, section

305 of the Act confers putative spouse status only on those who are

not legally married.  Thus, Tommy lost his status as Tamera's

putative spouse when his marriage was ratified by operation of

section 212(b).  Accordingly, we reject this argument.

     For the foregoing reasons, the judgment of the circuit court

of Rock Island County is affirmed.

     Affirmed.

     HOMER and McCUSKEY, JJ., concur.