*In re* PETITION OF THE BOARD OF TRUSTEES OF THE MOKENA COMMUNITY PUBLIC LIBRARY DISTRICT, Will County, for a Hearing and Final Judgment Disallowing Disconnection of Territory Within the Mokena Community Public Library District, Will County, Resulting from the Annexation of Such Territory by the Village of Tinley Park (Board of Trustees of the Mokena Community Public Library District, Petitioner-Appellant, v. The Village of Tinley Park, Respondent-Appellee).

Third District    No. 3—96—0691

Opinion filed March 19, 1997.—Modified on denial of rehearing
June 6, 1997.

Kristen Pinter (argued) and Bruce K. Roberts, both of Roberts, Simon & Even, Ltd., of Inverness, for appellant.

James P. Bartley (argued) and Thomas M. Melody, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, the Board of Trustees of the Mokena Community Public Library District (Library District), appeals a trial court order permitting the disconnection of a parcel of land from its territory pursuant to an annexation by the respondent, the Village of Tinley Park (Village). At issue is whether the Public Library District Act of 1991 (75 ILCS 16/1—1 *et seq.* (West 1994) (Act)) absolutely prohibits disconnections that render library district territory noncontiguous. For the reasons that follow, we hold that it does not.

This case arose following passage of the Village's ordinance that annexed certain territory within the Library District's boundaries. The annexation was part of an intergovernmental boundary agreement between the Village and the Village of Mokena whereby the two villages agreed that future annexations of unincorporated territory would occur in an orderly fashion up to an agreed-upon boundary.

As a result of the annexation at issue in this case, a parcel of the Library District's territory was left noncontiguous to the rest of the district. Although the parcel was not annexed, the Village intended to annex it in the future. It was used for commercial purposes and did not have any residential development. The parties do not dispute the fact that the parcel was noncontiguous; instead, they disagree as to whether the disconnection is permitted in light of the resulting noncontiguity.

In an effort to prevent the disconnection of the annexed property from its territory, the Library District filed a petition pursuant to section 15—85 of the Act (75 ILCS 16/15—85 (West 1994)). Section 15—85 provides for annexed territory to be disconnected from library districts by operation of law. However, under certain circumstances, the library district may petition the circuit court to block the disconnection or to seek another appropriate remedy. In relevant part, section 15—85 provides:

"(b) A disconnection by operation of law under this Section does not occur if, within 60 days after the annexation, the public library

district files with the appropriate circuit court a petition alleging that the disconnection will cause the territory remaining in the district to be noncontiguous or that the loss of assessed valuation by reason of the disconnection will impair the ability of the district to render fully adequate library service to the territory remaining in the district.

(c) When a petition is filed under subsection (b), the court shall set it for hearing. At the hearing, the district has the burden of proving the truth of the allegations in its petition. In determining whether to grant the petition, the court may consider at least the following factors:

(i) whether disconnection will cause the territory remaining in the district to be noncontiguous;

(ii) whether the loss of assessed valuation by reason of the disconnection will impair the ability of the district to render fully adequate library service to the territory remaining in the district;

(iii) the convenience of the residents of the annexed territory and whether a plan exists enabling the residents of the annexed territory to use either the public library district facilities or the library facilities of the city, village, or incorporated town to which the territory has been annexed; and

(iv) whether the city, village, or incorporated town has annexed any other territory within the district within the preceding 2 years and the cumulative effect of those annexations ***." 75 ILCS 16/15—85 (West 1994).

At the hearing, there was disagreement as to the correct interpretation of the statute. The Library District asserted that proof of lack of contiguity prohibits a disconnection. The Village (although not a party but permitted to comment under section 15—85(c)) contended that noncontiguity is but one factor for the court's consideration. The trial court concluded that, despite the fact that the disconnection would result in a lack of contiguity, the petition should be denied based on its findings that: (1) no financial loss would occur; (2) contiguity was meaningless in terms of library service because the remaining parcel was separated by an interstate highway anyway; (3) to grant the petition would allow for double taxation of the subject parcel and would not render any significant benefit to the library system; (4) there was a reasonable expectation that the parcel on the north side of the interstate would be annexed by the Village; and (5) lack of contiguity did not substantially interfere with the Library District's ability to serve the noncontiguous parcel. The Library District appeals.

■ At the outset, the Library District asserts that the Village lacks standing to argue on appeal. In support of this argument, the Library District points to section 15—85(c). That portion of the statute provides that "[t]he Court may consider comments by the Illinois State Library, the annexing municipality and its public library, and the library system or systems to which the affected libraries belong. This does not create a right of intervention in these parties." 75 ILCS 16/15—85(c) (West 1994). The Library District asserts that this language expressly precludes the Village from intervening.

Any party to a case may seek appellate review from a final judgment that is adverse to the party's interests. *Trompeter Construction Co. v. First Federal Savings & Loan Ass'n*, 62 Ill. App. 3d 173, 379 N.E.2d 298 (1978). Furthermore, even nonparties have standing to appeal if they have a direct, immediate and substantial interest in the subject matter of the litigation that would be prejudiced by the judgment or benefit by its reversal. *St. Mary of Nazareth Hospital v. Kuczaj*, 174 Ill. App. 3d 268, 528 N.E.2d 290 (1988). While the Village may not have had a right to intervene at the trial level, we hold that the Village could respond to the Library District's appeal because it has a substantial interest in the avoiding the double taxation of its citizens.

The next issue is whether section 15—85 prohibits the disconnection of annexed library territory when the disconnection would cause the territory remaining in a library district to be noncontiguous.

■ The task of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Scharlau*, 141 Ill. 2d 180, 565 N.E.2d 1319 (1990). If the legislature's intent is clear from the statute's language, the court must confine its inquiry to a consideration of that language and must not look to extrinsic aids. *City of Chicago v. Strauss*, 128 Ill. App. 3d 193, 470 N.E.2d 563 (1984). If, however, the statutory language is susceptible to more than one reasonable interpretation, the court may look beyond the language to consider the purposes to be served by the statute. *Sisters of the Third Order of St. Francis v. State ex rel. Barra*, 151 Ill. App. 3d 875, 503 N.E.2d 1069 (1987). It is presumed that the legislature intends a change in the law when it amends a statute. *People v. Krause*, 273 Ill. App. 3d 59, 651 N.E.2d 744 (1995). Questions of statutory construction are questions of law. *Babbitt v. United Parcel Service, Inc.*, 212 Ill. App. 3d 204, 571 N.E.2d 506 (1991).

The Library District argues that section 15—85 prohibits the disconnection in this case because it demonstrated that its remaining property would not be contiguous. In support of this argument, the Library District relies heavily on the statute as it was formerly writ-

ten (see Ill. Rev. Stat. 1989, ch. 81, par. 1002—9.1) when section 15—85 did not include the factors listed under subsection (c). Under that statute, a disconnection clearly could be prevented by proof of noncontiguity. The Library District contends that 15—85 should be similarly interpreted today regardless of the amendment. It asserts that the amendment has not changed the statutory standard requiring contiguity.

A review of section 15—85 demonstrates that the amendment has changed the standard. While the Library District must still demonstrate that the remaining territory would be noncontiguous or that the disconnection would impair services in order to file a petition (75 ILCS 16/15—85(b) (West 1994)), the court may now consider other factors in addition to noncontiguity or impairment before determining whether to grant the petition. Although the Library District asserts that factors (ii) through (iv) listed under subsection (c) appear to have no conceivable bearing on contiguity, we must presume that the legislature intended to allow the trial court broader discretion when reviewing petitions and fashioning the particular relief. See *Krause*, 273 Ill. App. 3d at 62, 651 N.E.2d at 746 (courts presume that the legislature intends to change the law when it amends a statute).

This is a reasonable interpretation given that the court is placed in the position of weighing the interests of the Library District, and its rights under the Act, against the interests of the Village and its residents. Accordingly, while the Library District may access the court to prevent an automatic disconnection, half the battle still remains since the court is left to weigh the respective interests of all those concerned.

The Library District responds by asserting that the discretion given to the court is an unlawful delegation of legislative authority. It argues that permitting the court to consider the factors enumerated, as well as factors that are not enumerated and that do not pertain to contiguity, would improperly grant the court "unfettered discretion." It asserts that contiguity will essentially become inconsequential.

The Library District, however, ignores the point that the statute no longer considers contiguity as the controlling factor; it is merely one factor. The court is being placed in a position in which it must weigh competing interests. Such an exercise in balancing is appropriate for the court and does not cause the court to unlawfully assume the power of the legislature.

Furthermore, when considering the policy necessitating contiguity, we find that the court's actions were appropriate. The purpose of requiring contiguity is to permit the natural and gradual expansion

or extension of boundaries. *In re Petition for Annexation of Certain Property to the Village of Plainfield*, 267 Ill. App. 3d 313, 642 N.E.2d 502 (1994). Contiguity assures that the delivery of government services is convenient and prevents the awkward situation where, in order to acquire such services, individuals would have to pass under or over lands outside of the particular district. See *In re Plainfield*, 267 Ill. App. 3d at 321, 642 N.E.2d at 507.

In the present case, services from the Library District would not be affected. This is the case primarily because services provided by a library district do not require that the service be provided in any area except a central location such as a library or one of its branches. Additionally, services to residents in this particular case would not be affected because the parcel of land that was rendered noncontiguous was entirely commercial and had no residential development.

Finally, when asked what harm the Library District would suffer by having the noncontiguous parcel, the Library District could provide no answer. Without an effect upon the Library District and given the evidence presented at the hearing, the court could properly conclude that the Library District's interests in contiguity should not prevail.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON, P.J., and McCUSKEY, J., concur.