NO. 3--96--0691

                                                                  

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

THE MATTER OF THE PETITION OF ) Appeal from the Circuit Court 

THE BOARD OF TRUSTEES OF THE  )  of the 12th Judicial Circuit,

MOKENA COMMUNITY PUBLIC    )  Will County, Illinois

LIBRARY DISTRICT, WILL COUNTY,  )

ILLINOIS FOR A HEARING AND  )

FINAL JUDGMENT DISALLOWING  )

DISCONNECTION OF TERRITORY  ) 

WITHIN THE MOKENA COMMUNITY  )

PUBLIC LIBRARY DISTRICT, WILL  )

COUNTY, ILLINOIS, RESULTING  ) No. 94--MC--8418

FROM THE ANNEXATION OF SUCH  )

TERRITORY BY THE VILLAGE OF  )

TINLEY PARK,  )

  )

Petitioner-Appellant,  )

  )

v.  )

  )

VILLAGE OF TINLEY PARK, and  )

M.A. CONNOLLY CORPORATION,  ) Honorable

  ) William Penn,

Respondent-Appellee.  ) Judge Presiding.

                                                                   

MODIFIED UPON DENIAL OF REHEARING

JUSTICE BRESLIN delivered the opinion of the court:

                                                                  

The petitioner, the Board of Trustees of the Mokena Community Public Library District, (Library District), appeals a trial court order permitting the disconnection of a parcel of land from its territory pursuant to an annexation by the respondent, the Village of Tinley Park (Village).  At issue is whether the Public Library District Act of 1991, 75 ILCS 16/1--1 
et
 
seq.
 (West 1994) (Act), absolutely prohibits 
disconnections
 
annexations
 
 which render library district territory non-contiguous.  For the reasons which follow, we hold that it does not. 

This case arose following passage of the Village's ordinance which annexed certain territory within the Library District's boundaries.  The annexation was part of an intergovernmental boundary agreement between the Village and the Village of Mokena whereby the two villages agreed that future annexations of unincorporated territory would occur in an orderly fashion up to an agreed upon boundary.    

As a result of the annexation at issue in this case, a parcel of the Library District's territory was left non-contiguous to the rest of the district.  Although the parcel was not annexed, the Village intended to annex it in the future.  It was used for commercial purposes and did not have any residential development.  The parties do not dispute the fact that the parcel was non-contiguous; instead they disagree as to whether the 
disconnection
 
annexation
 
 is permitted in light of the resulting non-contiguity. 

In an effort to prevent the disconnection of the annexed property from its territory, the Library District filed a petition  pursuant to section 15-85 of the Act, 75 ILCS 16/15--85 (West 1994)
.  Section 15-85 provides for annexed territory to be disconnected from library districts by operation of law.  However, under certain circumstances, the library district may petition the circuit court to block the 
disconnection
 
annexation
 or to seek another appropriate remedy.  In relevant part, section 15-85 provides:

(b)  A disconnection by operation of law under this Section does not occur if, within 60 days after the annexation, the public library district files with the appropriate circuit court a petition alleging that the disconnection will cause the territory remaining in the district to be non-contiguous or that the loss of assessed valuation by reason of the disconnection will impair the ability of the district to render fully adequate library service to the territory remaining in the district.

(c)  When a petition is filed under subsection (b), the court shall set it for hearing.  At the hearing, the district has the burden of proving the truth of the allegations in its petition.  In determining whether to grant the petition, the court may consider at least the following factors:

(i) whether disconnection will cause the territory remaining in the district to be non-contiguous;

(ii)  whether the loss of assessed valuation by reason of the disconnection will impair the ability of the district to render fully adequate library service to the territory remaining in the district;

(iii)  the convenience of the residents of the annexed territory and whether a plan exists enabling the residents of the annexed territory to use either the public library district facilities or the library facilities of the city, village, or incorporated town to which the territory has been annexed; and

(iv)  whether the city, village, or incorporated town has annexed any other territory within the district within the preceding 2 years and the cumulative effect of those annexations.

* * *

75 ILCS 16/15--85 
(West 1994).  

At the hearing, there was disagreement as to the correct interpretation of the statute.  The Library District asserted that proof of lack of contiguity prohibits a disconnection.  The Village (although not a party but permitted to comment under section 15-85(c)), contended that non-contiguity is but one factor for the court's consideration.  The trial court concluded that, despite the fact that the disconnection would result in a lack of contiguity, the petition should be denied based on its findings that: (1) no financial loss would occur; (2) contiguity was meaningless in terms of library service because the remaining parcel was separated by an interstate highway anyway; (3) to grant the petition would allow for double taxation of the subject parcel and would not render any significant benefit to the library system; (4) there was a reasonable expectation that the parcel on the north side of the interstate would be annexed by the Village; (5) lack of contiguity did not substantially interfere with the Library District's ability to serve the non-contiguous parcel.  The Library District appeals.

At the outset, the Library District asserts that the Village lacks standing to argue on appeal.  In support of this argument, the Library District points to section 15-85(c).  That portion of the statute provides that "[t]he Court may consider comments by the Illinois State Library, the annexing municipality and its public library, and the library system or systems to which the affected libraries belong.  This does not create a right of intervention in these parties."  75 ILCS 16/15--85(c) 
(West 1994).  The Library District asserts that this language expressly precludes the Village from intervening.  

Any party to a case may seek appellate review from a final judgment which is adverse to the party's interests. 
Trompeter Construction Co. v. First Federal Savings & Loan Ass'n of Ottawa
, 62 Ill. App. 3d 173, 379 N.E.2d 298 (1978).  Furthermore, even nonparties have standing to appeal if they have a direct, immediate and substantial interest in the subject matter of the litigation which would be prejudiced by the judgment or benefit by its reversal. 
St. Mary of Nazareth Hospital v. Kuczaj
, 174 Ill. App. 3d 268, 528 N.E.2d 290 (1988).  While the Village may not have had a right to intervene at the trial level, we hold that the Village could respond to the Library District's appeal because it has a substantial interest in 
avoiding the double taxation of its citizens
 
the propriety of its annexation efforts
.

The next issue is whether section 15-85
 prohibits the disconnection of annexed library territory when the disconnection would cause the territory remaining in a library district to be non-contiguous.

The task of statutory construction is to ascertain and give effect to the intent of the legislature. 
People v. Scharlau
, 141 Ill. 2d 180, 565 N.E.2d 1319 (1990).  If the legislature's intent is clear from the statute's language, the court must confine its inquiry to a consideration of that language and must not look to extrinsic aids. 
City of Chicago v. Strauss
, 128 Ill. App. 3d 193, 470 N.E.2d 563 (1984).  If, however, the statutory language is susceptible to more than one reasonable interpretation, the court may look beyond the language to consider the purposes to be served by the statute. 
Sisters of Third Order of St. Francis v. State ex rel. Barra
, 151 Ill. App. 3d 875, 503 N.E.2d 1069 (1987).  It is presumed that the legislature intended a change in the law when it amends a statute. 
People v. Krause
, 273 Ill. App. 3d 59, 651 N.E.2d 744 (1995).  Questions of statutory construction are questions of law. 
Babbitt v. United Parcel Service, Inc.
, 212 Ill. App. 3d 204, 571 N.E.2d 506 (1991).

The Library District argues that section 15-85 prohibits the disconnection in this case because it demonstrated that its remaining property would not be contiguous.  In support of this argument, the Library District relies heavily on the statute as it was formerly written (see Ill. Ann. Stat. ch. 81, ¶ 1002-9.1 (West 1989)) when section 15-85 did not include the factors listed under subsection (c).  Under that statute, a disconnection clearly could be prevented by proof of non-contiguity.  The Library District contends that 15-85 should be similarly interpreted today regardless of the amendment.  It asserts that the amendment has not changed the statutory standard requiring contiguity.

A review of section 15-85 demonstrates that the amendment has changed the standard.  While the Library District must still demonstrate that the remaining territory would be non-contiguous or that the disconnection would impair services in order to file a petition, (75 ILCS 16/15-85(b) (West 1994)), the court may now consider other factors in addition to non-contiguity or impairment before determining whether to grant the petition.  Although the Library District asserts that factors (ii) through (iv) listed under (c) appear to have no conceivable bearing  on contiguity, we must presume that the legislature intended to allow the trial court broader discretion when reviewing petitions and fashioning the particular relief. See 
Krause
, 273 Ill. App. 3d at 62, 651 N.E.2d at 746 (courts presume that the legislature intended to change the law when it amends a statute).

This is a reasonable interpretation given that the court is placed in the position of weighing the interests of the Library District and it rights under the Act, against the interests of the Village and its 
residents
 
rights under the annexation statute, 65 ILCS 5/7-1-1 
et
 
seq.
 (West 1994)
.  Accordingly, while the Library District may access the court to prevent an automatic disconnection, half the battle still remains since the court is left to weigh the respective interests of 
the parties
 
all those concerned
.    

The Library District responds by asserting that the discretion given to the court is an unlawful delegation of legislative authority.  It argues that permitting the court to consider the factors enumerated, as well as factors which are not enumerated and which do not pertain to contiguity, would improperly grant the court "unfettered discretion."  It asserts that contiguity will essentially become inconsequential.

The Library District, however, ignores the point that the statute no longer considers contiguity as the controlling factor; it is merely one factor.  The court is being placed in a position in which it must weigh competing interests.  Such an exercise in balancing is appropriate for the court and does not cause the court to unlawfully assume the power of the legislature. 

Furthermore, when considering the policy necessitating contiguity, we find that the court's actions were appropriate.  The purpose of requiring contiguity is to permit the natural and gradual expansion or extension of boundaries. 
In re Petition for Annexation of Certain Property to the Village of Plainfield
, 267 Ill. App. 3d 313, 642 N.E.2d 502 (1994).  Contiguity assures that the delivery of government services is convenient and prevents the awkward situation where, in order to acquire such services, individuals would have to pass under or over lands outside of the particular district. See 
In re Plainfield
, 267 Ill. App. 3d at 321, 642 N.E.2d at 507.

In the present case, services from the Library District would not be affected.  This is the case primarily because services provided by a library district do not require that the service be provided in any area except a central location such as a library or one of its branches.  Additionally, services to residents in this particular case would not be affected because the parcel of land which was rendered non-contiguous was entirely commercial and had no residential development.    

Finally, when asked what harm the Library District would suffer by having the non-contiguous parcel, the Library District could provide no answer.  Without 
the annexation having
 an effect upon the Library District
, the court, following a consideration of the four factors
 and 
given
 the evidence presented at the hearing, 
the court
 could properly conclude that the 
Village's interest in 
preventing the double taxation of its citizens
 in growth and expansion should prevail over the
 Library District's interest in contiguity 
should not prevail
.  

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed. 

LYTTON, P.J., and McCUSKEY, J., concur.